# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSRUANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY, <br><br>     Plaintiffs, <br><br> v. <br><br> DAVID J. BARROW, ANN BARROW, and A.B., a minor, by and through her next friend and parent, J.B., <br><br>     Defendant. | Case No.: 4:19-cv-01019-ACA |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide General Insurance Company ("Nationwide") seek a declaration under various insurance policies that they have no duty to defend or indemnify Defendant David J. Barrow in an underlying state court action filed by Defendant A.B., a minor, by and through her next friend and parent, J.B.

Currently before the court is A.B.'s partial motion to dismiss. (Doc. 9). Pursuant to Federal Rule of Civil Procedure 12(b)(1), A.B. asks the court to

dismiss without prejudice Nationwide's duty to indemnify claim because the claim is not ripe for adjudication.[1]

As explained below, the court does not have subject matter jurisdiction over Nationwide's unripe declaratory judgment claim regarding its duty to indemnify. Therefore, the court **GRANTS** the motion.

I.   BACKGROUND

A.B., a minor, by and through her next friend and parent, J.B., sued Mr. Barrow in the Circuit Court of Marshall County, Alabama. (Doc. 1; *see also A.B., a minor, by and through her next friend and parent, J.B. v. David Jacobs Barrow*, 50-CV-18-900065).[2] That action is ongoing, and A.B. has not obtained a judgment against Mr. Barrow in the state court proceeding. (Doc. 1 at ¶¶ 16–17; Doc. 11 at 2).

Plaintiffs filed suit in this court, seeking a declaratory judgment as to whether they are contractually obligated to defend and indemnify Mr. Barrow in the state court action under automobile, homeowners, dwelling, and umbrella insurance policies. (Doc. 1 at ¶ 40).

---

[1] A.B. states that she moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). (Doc. 9 at 1). Because A.B's motion implicates subject matter jurisdiction and not failure to state a claim, Rule 12(b)(1) governs the court's analysis.

[2] The allegations contained in the state court complaint are disturbing. The details of the claims are not relevant to disposition of the pending motion to dismiss. Therefore, the court does not elaborate on the nature of the state court lawsuit.

## II. DISCUSSION

A.B. argues that the court lacks subject matter jurisdiction over Nationwide's duty to indemnify claim because the state court has not entered judgment against Mr. Barrow, and the claim is not ripe. (Doc. 9 at 2–3). Nationwide concedes that its duty to indemnify claim is not ripe, but it asks the court to stay consideration of the indemnity issue until either: (1) this court resolves Nationwide's duty to defend, or (2) the state court determines that Mr. Barrow is liable to A.B. (Doc. 11 at 4–5).

The court agrees with the parties that Nationwide's duty to indemnify claim is not ripe. *Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971)[3] ("[N]o action for declaratory relief will lie to establish an insurer's liability in a policy clause contest such as the one at bar until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."); *Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.") (quotations omitted).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The question then is whether the court *must* dismiss the unripe duty to indemnify claim or whether it *may* stay the claim. District courts facing similar situations have reached different results. *Compare, e.g., State Auto Ins. Co. v. Mays Auto Serv., Inc.*, 2018 WL 1583102, at *2 (N.D. Ala. Apr. 2, 2018) (court had no authority to stay unripe duty to indemnify claim because it lacked subject matter jurisdiction over the claim); *Penn-Star Ins. Co. v. Swords*, 2017 WL 4180889, at *8–9 (N.D. Ala. Sept. 21, 2017) (same) *with, e.g., Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999) (retaining jurisdiction over and staying unripe duty to indemnify claim); *Penn. Nat. Mut. Cas. Ins. Co. v. King*, 2012 WL 280656, at *5 (S.D. Ala. Jan. 30, 2012) (same). And there appears to be no Eleventh Circuit precedent directly on point.

However, "[t]he determination of ripeness 'goes to whether the district court ha[s] subject matter jurisdiction to hear the case.'" *Digital Props, Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) (quoting *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 n. 7 (11th Cir. 1989). And, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Accordingly, the court agrees with the district courts that have determined that a stay of an unripe claim over which the court lacks jurisdiction is impermissible.

## III. CONCLUSION

Because the court is powerless to act with respect to Nationwide's unripe declaratory judgment claim regarding its duty to indemnify, the court **DISMISSES** the claim **WITHOUT PREJUDICE**.

Nationwide's declaratory judgment claim concerning its duty to defend Mr. Barrow will proceed. A.B. shall answer Nationwide's complaint within the time prescribed by Federal Rule of Civil Procedure 12(a)(4)(A).

**DONE** and **ORDERED** this September 20, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE