FILED

2021 Feb-09  AM 11:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY,** | } } } } } } } | |
| **Plaintiffs,** | } } } | |
| **v.** | } } | **Case No.:  4:19-cv-01019-ACA** |
| **DAVID J. BARROW, ANN BARROW, and A.B., a minor, by and through her next friend and parent, J.B.,** | } } } } } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Nationwide issued a dwelling policy, a homeowners policy, two automobile policies, and an umbrella policy to David J. Barrow and Ann Barrow.  A.B later sued Mr. Barrow in state court.  Almost a year after the state court litigation began, A.B.'s attorney sent Nationwide a letter informing it of her intention to seek satisfaction of any judgment against Mr. Barrow from Nationwide.  Nationwide then filed this action seeking, among other things, the court's declaration that

under the terms of those policies, it does not have a duty to defend Mr. Barrow in an underlying state court action.

The matter is before the court on Nationwide's motion for summary judgment.[1] (Doc. 31).  Based on the evidence before the court, the court finds that there is no coverage under the dwelling policy and that Nationwide did not receive reasonable notice of claims under the four remaining policies.  Therefore, even if coverage existed under those four policies, Nationwide is released from its obligations, and Nationwide is entitled to judgment as a matter of law.

Accordingly, the court **WILL ENTER SUMMARY JUDGMENT** in favor of Nationwide and against A.B., and the court **WILL ENTER DEFAULT JUDGMENT** in favor of Nationwide and against Mr. and Ms. Barrow.

## I.      BACKGROUND

Plaintiffs Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide General Insurance Company's ("Nationwide") filed this suit against Defendants David Barrow, Ann Barrow and A.B., by and through her next friend and parent, J.B. ("A.B.").  A.B. is the plaintiff in the underlying state court action and the only Defendant who has appeared and defended Nationwide's claim here.

---

[1] This court previously entered default against the Barrows.  Therefore, with respect to the Barrows, the court construes Nationwide's motion for summary judgment as a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2).

In considering Nationwide's motion for summary judgment against A.B., the court "draw[s] all inferences and review[s] all evidence in the light most favorable to [her]." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

In resolving Nationwide's motion for default judgment against the Barrows, the court considers Nationwide's well-pleaded factual allegations as being admitted by the Barrows for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)).  The court also may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011).

Sometime before the fall of 2013, A.B. got to know Mr. Barrow because he was her mother's boss.  (Doc. 30-2 at 2).   Mr. Barrow told A.B.'s mother that he could only employ her for a little while longer, but if she wanted to make some extra money, she could get her daughter into modeling.  (*Id.*).  A.B's mother told her that Mr. Barrow was a "model person" and arranged for the two to meet at various locations, including a hotel and a private residence, so that Mr. Barrow could take pictures of A.B.  (Doc 30-2 at 5–6).

In October and November 2013, A.B met Mr. Barrow at a hotel.  (Doc. 30-2 at 5–6; Doc. 30-10 at ¶ 7, 11).  She was 10 years old at the time.  (Doc. 30-10 at ¶ 8).   Mr. Barrow locked the hotel room door, held A.B. against her will, and

instructed A.B. to wear little to no clothing while he looked at her.  (Doc. 30-10 at ¶¶ 7–12).  This happened on at least three occasions.  (*Id.* at ¶11).  Beginning in December 2013 and continuing through January 2014, Mr. Barrow took nude pictures of A.B. and molested A.B. multiple times.  (Doc. 30-10 at ¶¶ 14–15).

In February 2015, Mr. Barrow was indicted on a number of charges related to his sexual abuse of A.B.  (Doc. 30-10 at ¶ 17).  Mr. Barrow pleaded guilty to two charges of human trafficking and was sentenced to 30 years in prison.  (*Id.* at ¶ 19; Doc. 30-6 at 2–5).  Three years later, A.B. filed a civil lawsuit against Mr. Barrow in state court.  (Doc. 30-7).  The operative complaint in the state court action asserts claims against Mr. Barrow for (1) assault and battery; (2) negligence and wantonness; (3) invasion of privacy; and (4) false imprisonment.  (Doc. 30-10).

Seven months after she filed the lawsuit, A.B. issued a third party subpoena to a Nationwide agent asking for copies of declaration pages and insurance policies providing coverage to Mr. Barrow.  (Doc. 30-22 at 2–4).  Five months later, A.B.'s attorney sent Nationwide a copy of the state court complaint and noted that the acts alleged in the complaint took place during a time when Mr. Barrow and Ms. Barrow were insured under various Nationwide policies.   (Doc. 30-21 at 3).  The letter stated that Nationwide should have received notice of A.B.'s civil suit due to the subpoena that A.B. previously issued.  (*Id.*).  And A.B.'s attorney explained

that if A.B. secured a judgment against Mr. Barrow, she would seek satisfaction of the judgment from Nationwide pursuant to the insurance policies.  (*Id.* at 3–4).

Relevant to this motion, the declarations page of the dwelling policy that Nationwide issued to Mr. Barrow and Ms. Barrow states explicitly that the policy does not provide liability coverage.  (Doc. 30-17 at 5).  In addition, the homeowners, automobile, and umbrella policies have notice provisions which require that the insured give Nationwide notice of any potential claim under the policies.  (Doc. 30-16 at 14; Doc. 30-17 at 22; Doc. 30-18 at 22; Doc. 30-19 at 11; Doc. 30-20 at 15).  It is undisputed that neither Mr. Barrow nor Ms. Barrow provided Nationwide with notice of A.B.'s civil claims or the events giving rise to the underlying civil lawsuit.  (Doc. 30-15 at ¶¶ 12–13).

In June 2019, Nationwide filed this declaratory judgment action, seeking a declaration that it owes no contractual duty to defend Mr. Barrow in A.B.'s civil lawsuit under any of the five policies it issued to Mr. Barrow and Ms. Barrow. (Doc. 1).  A.B. appeared and has defended this declaratory judgment action. (Docs. 9, 17).  The Clerk entered default against Mr. Barrow and Ms. Barrow because they failed to appear or otherwise defend.  (Docs. 18, 23).

## II.   DISCUSSION

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving

party, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318.  "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor."  *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted).

In deciding a motion for default judgment, the court reviews the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to judgment.  Fed. R. Civ. P. 55(b)(2); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997).

Nationwide argues that it is entitled to judgment as a matter of law because there is no coverage under any of the five insurance policies for the claims that A.B. asserts against Mr. Barrow in the underlying civil suit.  (Doc. 31 at 20).

### 1.    Dwelling, Homeowners, and Automobile Policies

Nationwide claims that it owes no duty to defend Mr. Barrow under the dwelling, homeowners, and two automobile policies because the Barrows have failed to appear and meet their burden of showing that A.B.'s claims come within the policies' insuring agreements and because A.B. has conceded that no coverage exists under these policies.  (Doc. 31 at 20).  A.B. is a not a party to the insurance contracts.  Therefore, the court will not accept A.B.'s concession that no coverage exists under the dwelling, homeowners, and two automobile policies.

To the extent A.B. does not oppose Nationwide's motion for summary judgment as to the dwelling, homeowners, and automobile policies, the court "must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)).  This is because, even when a motion for summary judgment is not opposed, "the movant is not 'absolved of the burden of showing that it is entitled to judgment as a matter of law.'" *Reese v. Herbert*, 527 F.3d 1253, 1268–69 (11th Cir. 2008).   Upon a review of the evidence, the court finds that Nationwide owes no duty to defend Mr. Barrow under the dwelling, homeowners, and two automobile policies.

The dwelling policy does not provide liability coverage; it provides coverage only for damage to the covered residence premises and certain other structures and personal property on the premises.  (Doc. 1 at ¶¶ 19 21; Doc. 30-17 at 5).   The homeowners and automobile policies all have notice provisions requiring an insured to give notice to Nationwide of a potential occurrence or loss under the policies.   (Doc. 30-18 at 22; Doc. 30-19 at 11; Doc. 30-20 at 15). Neither Mr. Barrow nor Ms. Barrow provided notice to Nationwide of any potential claim under any policy (doc. 1 at ¶¶ ; doc. 35-15 ¶ 12–13), and for the same reasons explained below with respect to the umbrella policy, to the extent

7

Nationwide received actual notice four or five years later, that delay is unreasonable as a matter of law. *See infra* pp. 9–12

Accordingly, Nationwide is entitled to summary judgment against A.B. and default judgement against Mr. Barrow and Ms. Barrow on its claim that it owes no duty to defend Mr. Barrow pursuant to the dwelling, homeowners, and two automobile policies.

2.    Umbrella Policy

Nationwide presents several arguments in support of its contention that it has no duty to defend Mr. Barrow under the umbrella policy.  Because Nationwide's argument regarding notice is dispositive of the claim, the court addresses that argument only.

Nationwide contends that it does not have a contractual duty to defend Mr. Barrow because he did not provide notice of the claim as required by the policy and because A.B.'s notice of the claim was not timely as a matter of law.  The court analyzes both arguments using Alabama law.  *See* Doc. 30-16 (identifying the policy as being issued in Alabama); *see also St. Paul Fire & Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894 n.1. (11th Cir. 2009); *Cherokee Ins. Co. Inc. v. Sanches*, 975 So.2d 287, 292 (Ala. 2007).

Under Alabama law, an insured's failure to comply with a policy's notice requirements within a reasonable time "releases the insurer from obligations

imposed by the insurance contact." *Reeves v. State Farm Fire and Cas. Co.*, 539 So. 2d 252, 254 (Ala. 1989).  To determine whether an insured's delay in giving notice is reasonable, the court considers only the length of the delay in providing notice and the reasons for the delay; it does not consider prejudice to the insurer. *Travelers Indem. Co. of Connecticut v. Miller*, 86 So. 3d 338, 346 (Ala. 2011).  If the record contains evidence regarding reasons for the delay, and a reasonable jury could draw conflicting inferences from the evidence, then the court submits the question of reasonableness to the trier of fact.  *Id.*  In the absence of evidence showing justification for a delay, the court may find the delay unreasonable as a matter of law.  *Miller*, 86 So. 3d at 346.

Here, Mr. Barrow is the only insured under the umbrella policy.  (Doc. 30-16 at 5).  By its terms, the policy required that Mr. Barrow or someone acting on his behalf provide written notice to Nationwide of an occurrence to which the policy might apply "as soon as reasonably possible."  (*Id.* at 14).  It is undisputed that Mr. Barrow never notified Nationwide of a potential occurrence under the umbrella policy or of A.B.'s civil lawsuit.  (Doc. 30-15 at ¶¶12–13).  Therefore, as a matter of law, Mr. Barrow failed to give the required written notice within a reasonable time and breached the notice provision of the umbrella policy.

A.B. argues that under *Safeway Insurance Company of Alabama, Incorporated v. Thompson*, 688 So. 2d 271 (Ala. Civ. App. 1996), an injured party

9

can satisfy the notice requirements of an insurance policy, and therefore, her notice to Nationwide is sufficient.  (Doc. 34 at 33–35 (citing *Safeway Insurance Company of Alabama, Incorporated v. Thompson*, 688 So. 2d 271 (Ala. Civ. App. 1996)).  In *Safeway Ins. Co.*, the Alabama Court of Civil Appeals found that an insurance company was required to provide coverage for an accident even though the insured did not notify the insurer of the claim because the injured party had provided actual notice to the insurer of the underlying lawsuit.  *Safeway Ins. Co.*, 688 So. 2d at 274.  But even if A.B.'s notice to Nationwide was sufficient, the delay in her providing notice was unreasonable.

The underlying events giving rise to a potential occurrence under the umbrella policy occurred between October 2013 and sometime in the spring of 2014.  (Doc. 30-10 at ¶ 7–15, 20; Doc. 30-21 at 3).  Construing the facts in the light most favorable to A.B., she twice provided Nationwide notice of the events giving rise to a possible covered occurrence under the umbrella policy: first, when her counsel issued a non-party subpoena to a Nationwide agent on November 9, 2018 and second, when her counsel sent Nationwide a letter on April 2, 2019 advising Nationwide that if she obtained a judgment in the civil action, she would seek satisfaction of the judgment under the Barrows' insurance policies.  (Doc. 30-15 at ¶¶ 10, 14; Doc. 30-21).  This four or five year delay between the events constituting a possible occurrence and Nationwide's notice requires "evidence of a

reasonable excuse for the delay." *Nationwide Mut. Fire Ins. Co. v. Files*, 10 So. 3d 533, 536 (2008).

Mr. Barrow has defaulted. Therefore, he has offered no excuse or justification for not providing the required notice. And A.B. likewise offers no evidence concerning the reasons for Mr. Barrow's failure nor does she address the issue in her brief. (*See generally* Doc. 34 at 33–36). Accordingly, as matter of law, the four or five year delay is unreasonable, and Mr. Barrow is not entitled to a defense under the umbrella policy. *See Miller*, 86 So. 3d at 347–48 (finding that an injured party could not recover under the terms of an insurance policy because the insured did not provide the insurance company with notice of an occurrence, and the injured party offered no excused for the insured's failure, despite fact that injured party had provided actual notice of a claim); *Files*, 10 So. 3d at 536 (even where injured party put insurer on actual notice of an occurrence within five months, in the absence of evidence from the insured or injured party about the reasons for the insured's failure to comply with notice provisions of the policy, insurer had no obligation to make payment under the policy); *see also Pennsylvania Nat. Mut. Cas. Ins. Co. v. Watts Builders, L.L.C.*, 2014 WL 988609, at *4–5 (M.D. Ala. 2014) (applying Alabama law and finding that where insured had not appeared in a declaratory judgment action and injured party offered no evidence of some explanation for nearly one year delay in providing notice to

11

insurance company, insurance company owed no duty to defend or indemnify insured in underlying lawsuit).

Therefore, Nationwide is entitled to summary judgment against A.B. and default judgment against Mr. Barrow and Ms. Barrow on its claim that it owes no duty to defend Mr. Barrow pursuant to the umbrella policy.

## III.   CONCLUSION

The court **GRANTS** Nationwide's motion.  (Doc. 29).  The court **WILL ENTER SUMMARY JUDGMENT** in favor of Nationwide and against A.B., and the court **WILL ENTER DEFAULT JUDGMENT** in favor of Nationwide and against Mr. Barrow and Ms. Barrow on Nationwide's claim that it owes no duty to defend Mr. Barrow.

The court will enter a separate final judgment consistent with the memorandum opinion.

**DONE** and **ORDERED** this February 9, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

12